IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEJAN BLIGEN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-3070-G (BT) |
| | § | |
| NAVIENT, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dejan Bligen, proceeding *pro se*, filed this civil action pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. and Title 12 of the United States Code, which governs banks and banking. *See generally* ECF No. 3. The Court granted Bligen leave to proceed *in forma pauperis* and withheld service pending judicial screening. ECF No. 5. Having screened the complaint, the undersigned recommends that the Court dismiss Bligen's federal claims under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and decline to exercise supplemental jurisdiction over Bligen's state law claim.

**Background**

Bligen initiated this civil action by filing a document entitled "Memorandum of Law" and "Notice of Omnibus Motion." ECF No. 3. The document, liberally construed as a complaint, contains a "Motion to Compel Discovery Rule 26 Hearing FRCP," a "Motion to Produce Documents," a "Motion for a Jury Trial," and an "Affidavit of Facts." ECF No. 3 at 1-4. Based upon Bligen's allegations and

the materials that he attached to his complaint, it appears that Bligen is trying to sue Navient Corporation, a student loan servicer and the successor to Sallie Mae, Inc. following a corporate restructuring in 2014. *See Hyland v. Navient Corporation,* 2019 WL 2918238, at *1 (S.D.N.Y. July 8, 2019) ("Navient is a student loan servicer."); *see also Campbell v. Navient Corporation,* 2019 WL 3802654, at *3 (D. Del. Aug. 13, 2019) ("The Court takes judicial notice that Navient Solutions, LLC is a student loan servicer and the successor to Sallie Mae, Inc. following a corporate restructuring in 2014.") (citation omitted).[1]

But the nature of Bligen's relationship with Navient is unclear. Bligen claims that he provided Navient "with a deposit by way of a negotiable instrument" that "covered all purchases" made through his bond account. ECF No. 3 at 4. But Navient apparently claims that it is entitled to collect on a loan issued to Bligen. ECF No. 3 at 4. Bligen disputes this and says that Navient never gave him a loan. ECF No. 3 at 4. In fact, Bligen is "of the understanding that he is the creditor." ECF No. 3 at 4. He provided a "check book deposit" to Navient, which proves "the transaction as a check-book deposit establishing a line credit account created through the note deposited by Dejan Bligen with Navient Sallie Mae Bank." ECF

---

[1] Bligen attached materials to his "memorandum of law" and "notice of omnibus motion" including a purported "Freedom of Information Request for SEC Registration Status & Securitization Inquiry" and a document entitled "Interrogatives Depositions for Disclosure & Discovery Alleged Debt Collector/Creditor Disclosure Statement Re 'Offer of Performance.'" ECF No. 3 at 8-15. The undersigned has considered these documents, but they do not alter the analysis or ultimate recommendation.

No. 3 at 4. Bligen maintains that he has "no present verifiable obligation . . . to pay a debt." ECF No. 3 at 4.

Referencing South Carolina law, he claims that Navient is not a holder in due course of the "original note." ECF No. 3 at 4. He asserts that "[Navient] is committing commercial fraud by demanding payment where there is no binding contractual obligation and no supporting proof that Navient is a lender to Dejan Bligen . . ." and also by "assuming the legal position of a Lender when in fact they provided no consideration for the contract, transferring a loan after actions and notices of the fraud had been made against the transaction in violation of Texas law." ECF No. 3 at 2, 4.

Bligen claims that Title 12 of the United States Code, which governs banks and banking, applies to Navient and that Navient has violated the provision which prohibits a "national bank" from making "any loan or discount on the security of the shares of its own capital stock." ECF No. 3 at 5. (citing 12 U.S.C. § 83(A)).

Bligen also describes Navient as a "lender" and claims that it has violated provisions of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt and by using false, deceptive, or misleading representation or means in connection with the collection of any debt. ECF No. 3 at 6. (citing 15 U.S.C. §§ 1692e, f)).

And, based on these allegations, Bligen seeks to compel discovery, namely the depositions of various officials of Sallie Mae Corporation to "determine the exact language of their statutory oath" and whether the corporation violated any

3

statutory obligations, as well as a "hearing" to ask the Directors of "both institutions" (presumably Navient and Sallie Mae) the questions posed in "interrogatives" that Bligen previously sent to them. ECF No. 3 at 2. He also seeks a copy of the original "note/bond." ECF No. 3 at 2.

As for relief, Bligen asks the Court to "subpoena" the original note, audit the "account maintained herein" to determine "whether it was a loan or checkbook deposit," assess Navient's claims "within the realm of law that governs enforcement of paying instruments," and compel Navient to "identify the source of the funds" that it claims Bligen owes. ECF No. 3 at 6.

## Legal Standards

Bligen's complaint is subject to preliminary screening under 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

And "[a]lthough pleadings filed *pro se* are generally held to less stringent standards than those drafted by lawyers, *pro se* litigants must still reasonably comply with procedural rules." *Miller v. Lowe's Home Ctrs. Inc.*, 184 F. App'x 386, 389 (5th Cir. 2006) (per curiam) (citing *Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995)).

## Analysis

Liberally construing his filing, Bligen appears to assert claims under the FDCPA, Title 12 of the United States Code, and Texas tort law.

A. FDCPA

The FDCPA "is designed 'to eliminate abusive debt collection practices by debt collectors.'" *Watson v. Aurora Loan Servs. LLC*, 2012 WL 3594233, at *7 (N.D. Tex. Aug. 21, 2012) (citing 15 U.S.C. § 1692e). To state a claim, a plaintiff must allege that "(1) [the plaintiff has] been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Hunsinger v. SKO Brenner American, Inc.*, 2013 WL 3949023, at *2 (N.D. Tex. Aug. 1, 2013).

Here, Bligen claims, in conclusory fashion and without explanation, that Navient violated 15 U.S.C. §§ 1692e(2)(A) and 1692f. Section 1692e prohibits "debt collectors" from using "any false, deceptive, or misleading representation or means

5

in connection with the collection of any debt." Section e(2)(A) specifies that "[t]he false representation of the character, amount or legal status of any debt . . ." is prohibited. Section 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." It then lists examples of prohibited conduct, including, as relevant here, "[t]he collection of any amount (including any interest, fee charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." These claims fail for several reasons.

First, Bligen has not alleged that Navient is a debt collector under the FDCPA. The FDCPA defines a debt collector as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Debt collectors, then, fall into two categories: those who collect debts as the "principal purpose" of their business and those who collect debts "regularly." *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008) (per curiam). "A person may 'regularly' collect debts even if debt collection is not the principal purpose of his business." *Id.* "Debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person." 15 U.S.C. § 1692a(6)(F). Under this exception, courts have concluded that "[t]he term 'debt collector' does not include lenders[,] . . . 'the consumer's creditor's, a mortgage servicing

6

company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.'" *Gipson v. JPMorgan Chase*, 2013 WL 3746003, at *2 (N.D. Tex. July 17, 2013) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208, *modified on reh'g on other grounds*, 761 F.2d 237 (5th Cir. 1985)).[2]

     Here, Bligen fails to allege any facts from which the Court could conclude that Navient acted as a debt collector. To the contrary, he appears to allege that Navient fraudulently "acted as and assumed the legal position of a lender." ECF No. 3 at 2. To the extent that Navient was acting an assignee or loan servicer, though, Bligen does not allege that it acquired the loan before a default. *See* 15 U.S.C. § 1692a(6)(F). In fact, he denies that there is any "present verifiable lawful obligation" to pay a debt at all, much less a default. *See* ECF No. 3 at 4. At bottom,

---

[2] Courts around the country have refused to find that Navient, as a loan servicer, is a "debt collector" absent some allegation that the company acquired a loan that was already in default, which Bligen does not make here. *See, e.g.*, *Levy-Tatum v. Navient and Sallie Mae Bank*, 2016 WL 75231, at *7 (E.D. Pa. Jan. 7, 2016) (dismissing the plaintiff's complaint, which failed to include any factual assertions that Navient is a debt collector under the FDCPA); *Spyer v. Navient Sols., Inc.*, 2016 WL 1046789, at *3 (D.N.J. Mar. 15, 2016), *reconsideration denied*, 2016 WL 5852849 (D.N.J. Oct. 4, 2016) (holding that Navient is not a debt collector because it commenced servicing before the loan's default); *Haysbert v. Navient Sols., Inc.*, 2016 WL 890297, at *11 (C.D. Cal. Mar. 8, 2016) (explaining that numerous courts have found that student loan servicers that begin servicing before a loan goes into default are not debt collectors under the FDCPA); *Caione v. Navient Corporation*, 2016 WL 4432687, at *4 (D.N.J. Aug. 18, 2016), 2016 WL 4432687, at *5 ("Navient began servicing the loans prior to any default. Plaintiff has failed to allege any facts to support an allegation that Navient was a debt collector and that the facts that are alleged suggest otherwise."); *Marek v. Navient Corp.*, 2017 WL 2881606, at *5 (N.D. Ohio July 6, 2017) (finding Navient Solutions, LLC was not a "debt collector" within the meaning of the FDCPA and dismissing complaint per Rule 12(b)(6) with prejudice); *Valletta v. Navient Corp.*, 2017 WL 1437563, at *3 (D. Ariz. Apr. 24, 2017 ) (finding Navient not a FDCPA debt collector as matter of law).

Bligen does not allege, for example, that "(1) Navient's principal purpose was to collect debts; (2) Navient regularly collected or attempted to collect debts owed to another; (3) the debt, if it existed, was not originated by Navient; or (4) the debt, if it existed, was in default at the time it was obtained by Navient." *Caione*, 2016 WL 4432687, at *4. (finding that Navient was not a "debt collector" under the FDCPA based upon the plaintiff's allegations).

Nor does Bligen allege sufficient facts to meet the other criteria of a FDCPA claim. While Bligen alleges that Navient violated 15 U.S.C. §§ 1692e and f, he does not say how. Conclusory allegations, which simply amount to legal conclusions, are insufficient to state a claim. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (citation omitted); *see also Walker v. Pitnell*, 2020 WL 5764102, at *4 (E.D.N.Y. Sept. 26, 2020) (dismissing FDCPA claim where the plaintiff offered only conclusory allegations as to how the defendant violated § 1692(e)); *Watters v. Youngblood*, 2016 WL 11544405, at *7 (N.D. Ga. May 13, 2016), *rec. accepted* 2016 WL 11544456 (N.D. Ga. June 21, 2016) ("Because Plaintiff failed to allege with any specificity how the elements of the FDCPA are met, including any facts to support his conclusory assertions that Defendants are all 'debt collectors' under the FDCPA or how each Defendant violated the FDCPA, the undersigned finds that he has failed to state an FDCPA claim on which relief can be granted.") (citations omitted).

And Bligen does not allege that the debt at issue was incurred in a consumer transaction, which is also necessary to state a FDCPA claim. *See Garcia v. Jenkins Babb, L.L.P.*, 569 F. App'x 274, 276 (5th Cir. 2014 ) (per curiam) (dismissing FDCPA claim the plaintiffs failed to allege in a nonconclusory fashion that the debt arose from a consumer transaction incurred for purchases "primarily for personal, family, or household purposes") (citing 15 U.S.C. § 1692a(5)); *Walker v. Pitnell*, 2020 WL 5764102, at *4 (E.D.N.Y. Sept. 26, 2020) (dismissing FDCPA claim where the plaintiff offered only conclusory allegations as to how the defendant violated § 1692(e)).

Bligen fails to state a FDCPA claim.

B. 12 U.S.C. § 83(A).

Bligen claims that Navient violated 12 U.S.C. § 83(A), which "prohibits a national bank from making a 'loan or discount on the security of the share of its own capital stock . . .'" *Bertsch v. Discover Financial Services*, 2019 WL 1083773, at *4 (D. Nev. Mar. 6, 2019). But, even putting aside the issue of whether Navient is a national bank for purposes of this section, courts have found that this statute is enforceable only by the Government. *Id.* (citing *Davis v. Countrywide Home Loans.*, 2010 WL 3219306, at *8 (S.D.N.Y. July 23, 2010) *rec. accepted* 2010 WL 3219304 (S.D.N.Y. Aug. 13, 2010) (footnote omitted)). Thus, Bligen cannot state a claim under § 83(A).

9

C. Supplemental Jurisdiction

Construing his complaint liberally, Bligen also presents a claim for "commercial fraud" under Texas law, claiming that Navient demanded payment "where there is no binding contractual obligation and no supporting proof that Navient is a lender to [Plaintiff]" and paid no consideration for the loan. ECF No. 3 at 2, 4.³

Although the Court has supplemental jurisdiction over Bligen's state law claims under 28 U.S.C. § 1367, the Court should decline to exercise supplemental jurisdiction here because the claims that permitted original jurisdiction lack merit. *See* 28 U.S.C. § 1367(c)(3) (court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction). The state law claims should therefore be dismissed without prejudice to Bligen raising them in state court.

**Leave to Amend**

Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend his complaint prior to a dismissal but leave to amend is not required when a plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). For the reasons outlined herein, Bligen's claims are fatally infirm.

---

³ Bligen also references portions of the South Carolina Commercial Code concerning the enforcement of instruments, specifically S.C. Code Ann. § 36-3-302 (Supp. 2018). ECF No. 3 at 4. But he does not appear to bring a claim under that subsection, which defines a holder in due course under South Carolina law.

**Motion to Compel**

To the extent that Bligen's filing could be liberally construed to contain a motion to compel, it will be mooted by the dismissal of Bligen's complaint and is denied on that basis. Alternatively, the motion, filed before screening and service of the complaint, is premature because discovery has not commenced.

**Recommendation**

The Court should dismiss Bligen's federal claims under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, and the Court should decline to exercise supplemental jurisdiction over his state law claim.

To the extent that Bligen's filing could be liberally construed to contain a motion to compel, Bligen's motion is denied.

SO RECOMMENDED.

January 14, 2022.

                                      REBECCA RUTHERFORD
                                      UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written

objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).